**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **LAURENCE RICHARDSON,** | : | **CIVIL ACTION** |
| *Plaintiff* | : | |
| **v.** | : | **NO. 19-5421** |
| | : | |
| **SOUTHWEST CREDIT SYSTEMS,** | : | |
| **L.P.,** | : | |
| *Defendant.* | : | |

## <u>MEMORANDUM</u>

The Court considers whether to vacate the entry of default entered by the clerk after Defendant failed to timely respond to Plaintiff's complaint.  Before the Court is Plaintiff's Motion for Default Judgment (ECF No. 6) as well as Defendant's Motion to Vacate Default (ECF No. 8).

### I.    Background

Plaintiff Laurence Richardson alleges in the Complaint that Defendant Southwest Credit Systems, L.P. is a debt collector who violated 15 U.S.C § 1692e(8) of the Fair Debt Collection Practices Act ("FDCPA") by "[f]ail[ing] to report a disputed debt as disputed."  ECF No. 1. at ¶ 20.  On or around August 12, 2019, Plaintiff alleges he sent a letter to Defendant disputing an alleged debt.  *Id*. at ¶ 9, 19.  Despite disputing this debt, Plaintiff alleges that he obtained a copy of his credit disclosure in October 2019 and noticed that Defendant "failed or refused to flag the" allegedly disputed debt as "disputed" on the credit disclosure.  *Id*. at ¶ 11.

Plaintiff alleges that Defendant's failure to report the alleged debt as disputed has caused him "pecuniary and emotional damages" that are ongoing.  *Id*. at ¶ 15.

 Plaintiff filed the Complaint on November 19, 2019.  *Id*.  On January 27, 2020, Plaintiff served process on Defendant by certified mail.  ECF No. 3.  The Proof of Service shows that Laurie Wheeler, who has since been identified as a mail clerk for Defendant, ECF No. 8 at 4 n.1, signed the certified mail receipt. ECF No. 3 at 3.  Defendant failed to file an answer or otherwise respond to the Complaint within 21 days after being served with summons and complaint, as required by Fed. R. Civ. P. 12(a)(1)(A)(i).  Plaintiff then requested an Entry of Default, which the clerk entered on March 11, 2020. ECF Nos. 4, 5.

On April 17, 2020, Plaintiff filed a Motion for Default Judgment seeking $1,000 in statutory damages and $10,000 in emotional damages, as well as attorneys' fees and costs.  ECF No. 6.  On April 24, 2020, the Court ordered "that Plaintiff shall serve a copy of this Order on Defendant via certified and regular mail in care of Defendant's general counsel at the same address that Defendant received service of the Complaint," and that "Plaintiff must then file proof of service with the Court."  ECF No. 7.

On May 6, 2020, Defendant filed a Motion to Vacate Entry of Default, contending that it had no knowledge of being served with this suit and "first became aware of this suit after receiving a copy of" Plaintiff's Motion for Default

Judgment.  ECF No. 8 at 1.   Defendant contends that this entry of default should

be set aside because Plaintiff has suffered no prejudice, Defendant has a

meritorious defense, and Defendant did not act culpably in failing to respond.  ECF

No. 8.  In response, Plaintiff contends that Plaintiff suffered prejudice in the form

of attorney's fees incurred in filing its Motion for Default Judgment and that

Defendant had not shown good cause in failing to respond to the Complaint.  ECF.

No. 10.  In reply, Defendant emphasizes that the case should proceed on the merits

and that the default was not the product of Defendant's culpable conduct.  ECF.

No. 11.

## II.    Discussion

Under Rule 55(c) of the Federal Rules of Civil Procedure, a court "may set

aside an entry of default for good cause" and "may set aside a final default

judgment in accordance with Rule 60(b)."  Fed. R. Civ. P. (55)(c).  "Less

substantial grounds may be adequate for setting aside a default than would be

required for opening a judgment."  *Feliciano v. Reliant Tooling Co.*, 691 F.2d 653,

656 (3d Cir. 1982).  Therefore, "'(a)ny of the reasons sufficient to justify the

vacation of a default judgment under Rule 60(b) normally will justify relief from a

default entry and in various situations a default entry may be set aside for reasons

that would not be enough to open a default judgment.'"  *Id*. (quoting 10 C. Wright

& A. Miller, Federal Practice and Procedure s 2696 at 334 (1973)).  Furthermore,

the Third Circuit "does not favor defaults, and . . . in a close case doubts should be resolved in favor of setting aside the default and obtaining a decision on the merits." *Farnese v. Bagnasco*, 687 F.2d 761, 764 (3d Cir. 1982) (citations omitted).

The Third Circuit requires that the district court consider "the following factors in exercising its discretion in granting or denying a motion to set aside a default under Rule 55(c) . . . (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; (3) whether the default was the result of the defendant's culpable conduct." *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984).  The Court is also required to consider the "effectiveness of alternative sanctions." *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 73 (3d Cir. 1987).

   a.   Whether lifting the default would prejudice plaintiff

The Court must first consider whether lifting the delay would prejudice Plaintiff.  *$55,518.05 in U.S. Currency*, 728 F.2d at 195.  "[D]elay in realizing satisfaction on a claim rarely serves to establish the degree of prejudice sufficient to prevent the opening a default judgment entered at an early stage of the proceeding." *Feliciano*, 691 F.2d at 656-57.  Furthermore, the Third Circuit has held that "financial costs associated with enforcing a judgment later vacated"

4

absent any other "prejudice that would result from opening the judgment . . . does not support a claim of prejudice justifying denial of relief." *Id*. However, lifting a default entry may prejudice a plaintiff when a plaintiff's "ability to pursue the claim has been hindered since the entry of default judgment." *Id*. at 657. Specifically, "loss of available evidence" and "substantial reliance upon the judgment" may support a finding of prejudice against a plaintiff. *Id*.

Defendant contends Plaintiff will not suffer any prejudice because setting aside the entry of default will not result in a great delay, any great expense to Plaintiff, and will not prevent Plaintiff from being able to prosecute his claim on the merits. ECF No. 8 at 3.

Plaintiff contends that he will be prejudiced if the Court sets aside the entry of default because he was "forced to incur attorney's fees to prepare" the request for entry of default, Plaintiff's Motion for Default Judgment, and Plaintiff's response to Defendant's Motion to Vacate Default. ECF No. 10 at 3. Plaintiff contends that he "would not have incurred these attorney's fees had Defendant timely responded to the [C]omplaint and had the case proceeded as normal." *Id*.

Here, Plaintiff's only argument is that he suffered prejudice based on the "attorney's fees" he incurred in preparing legal filings. ECF No. 10 at 3. Plaintiff has not established that there was a loss of available evidence, that any of his claims have been foreclosed, nor that he substantially relied on the entry of default.

Because Plaintiff has not shown any prejudice that would result from setting aside the entry of default, other than the financial costs associated with filing for entry of judgment and for default judgment, this Court therefore finds that Plaintiff will not be prejudiced if the Court sets aside the entry of default. *Feliciano*, 691 F.2d at 656.

  b. <u>Whether Defendant has a meritorious defense</u>

  Next, the Court must consider whether Defendant has a meritorious defense. *$55,518.05 in U.S. Currency*, 728 F.2d at 195.  A defendant has shown a meritorious defense when "allegations of defendant's answer, if established on trial, would constitute a complete defense to the action."  *Id*. (quoting *Tozer v. Charles A. Krause Milling Co.,* 189 F.2d 242, 244 (3d Cir. 1951)).  "In considering whether a claim or defense appears to be meritorious for this inquiry," the Court should not use "summary judgment standards." *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 869 (3d Cir. 1984).

  However, it is necessary that a defendant "[s]et forth with some specificity the grounds for his defense." *Harad v. Aetna Cas. & Sur. Co.*, 839 F.2d 979, 982 (3d Cir. 1988).  "[A] default judgment may be vacated if the defaulting defendant has advanced meritorious defenses" that "allege[] specific facts beyond simple denials or conclusory statements."  *Mrs. Ressler's Food Prod. v. KZY Logistics LLC*, 675 F. App'x 136, 141 (3d Cir. 2017); *see also Hritz v. Woma Corp.*, 732

F.2d 1178, 1181 (3d Cir. 1984) (reasoning a defendant's meritorious defense "[n]eed not establish the actual liability . . . beyond doubt in its pleading").

Defendant contends it has a meritorious defense because it has no record of ever receiving a dispute from Plaintiff.  ECF No. 8 at 4.  Defendant contends that this defense, if proven true, would constitute a complete defense under 15 U.S.C. § 1692e(8). ECF No. 8 at 4.

Although Plaintiff challenges Defendant's defense, contending, as in the Complaint, that he sent a letter to Defendant disputing the alleged debt and that Defendant did not properly update the account as requested, "Plaintiff acknowledges that Defendant has alleged a meritorious defense."   ECF No. 10 at 3.  Here, as Plaintiff concedes that this "factor that weighs in Defendant's favor," the Court finds that Defendant has stated a meritorious defense.  ECF No. 10 at 3.

c.   Whether the default was the result of Defendant's culpable conduct

Third, the Court must consider "whether the default was the result of the defendant's culpable conduct." *$55,518.05 in U.S. Currency*, 728 F.2d at 195.   "In this context culpable conduct means actions taken willfully or in bad faith." *Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 123–24 (3d Cir. 1983).  An "[a]ppropriate application of the culpable conduct standard requires that as a

threshold matter more than mere negligence be demonstrated." *Hritz*, 732 F.2d at 1183.

Defendant contends it had no knowledge of being served with Plaintiff's suit and that it did not purposefully fail to answer the Complaint. ECF No. 8 at 4. Defendant contends that, once it became aware of this action, it immediately retained counsel to file its Motion to Set Aside Entry of Default and its Answer. ECF No. 8 at 4. Defendant contends that, "[f]or reasons unknown, the piece of mail that Ms. Wheeler signed for, assuming it was a copy of this lawsuit, was never provided to an officer of SWC." ECF No. 8 at 4 n.1. Defendant contends that it has "no record of what happened to the piece of mail once it was received, but it was not marked in SWC's system as any sort of litigation matter." *Id.*

Plaintiff responds that he properly served the summons and Complaint on Defendant but that Defendant simply "lost" these documents. ECF No. 10 at 4-5. Plaintiff contends that Defendant's failure to "properly handle the summons and complaint after Defendant received it does not constitute excusable conduct under any measure." *Id.*

Here, Defendant has shown no more than negligence in failing to timely respond to Plaintiff's complaint. Furthermore, neither party has shown that Defendant acted willfully or in bad faith. Once the Court ordered Plaintiff to serve

a copy of its Motion for Default Judgment on Defendant by certified and regular mail, Defendant appeared in this matter and filed its Motion to Vacate Entry of Default within two weeks.  ECF Nos. 7, 8.  Defendant's excuse that it had "no knowledge of being served with this suit," ECF No. 8 at 4 n.1, and Plaintiff's contention that "Defendant lost the summons and complaint," ECF No. 10 at 5, indicate at most that Defendant was negligent.  Therefore, the Court finds that the entry of default was not a result of Defendant's culpable conduct.

### d.  The effectiveness of alternative sanctions

Lastly, the Court must consider the "effectiveness of alternative sanctions." *Sambrick*, 834 F.2d at 73.  Generally, "[d]ismissal must be a sanction of last, not first, resort."  *Id*. at 75.  The Third Circuit has found that it may be "[m]ost expedient to have the parties proceed on the merits without further effort devoted to fixing appropriate sanctions."  *Id.*  Furthermore, courts have declined to impose punitive sanctions where a defendant "filed their Answer and Rule 55(c) Motion just seven days after default was entered." *Jackson v. Delaware Cty.*, 211 F.R.D. 282, 285 (E.D. Pa. 2002).

Defendant contends that "sanctions against SWC are not necessary" because it "has a meritorious defense and there is no evidence to suggest that it acted in bad faith or willful misconduct."  ECF No. 8 at 5.

9

Plaintiff requests that the Court, if it decides to set aside the entry of default, "award an alternative sanction to compensate Plaintiff and to discourage such behavior by Defendant," including an "award of attorney's fees." ECF No. 10 at 5.

Here, Defendant's conduct does not evince bad faith. As previously stated, Defendant appeared in this matter and filed its Motion to Vacate Entry of Default within two weeks of the Court issuing its Order requiring Plaintiff to mail its Motion for Default Judgment to Defendant. ECF Nos. 7, 8. Because Defendant timely responded once Plaintiff mailed its Motion for Default Judgment, it would be "[m]ost expedient to have the parties proceed on the merits without further effort devoted to fixing appropriate sanctions." *Sambrick*, 834 F.2d at 75. Therefore, this Court finds that alternative sanctions are not warranted, and the case should proceed on the merits.

### III. Conclusion

For the foregoing reasons, Plaintiff's Motion for Default Judgment (ECF No. 6) is denied and Defendant's Motion to Vacate Entry of Default (ECF No. 8) is granted. An appropriate order will follow.

**BY THE COURT:**

**DATE: June 19, 2020**          **/s/ Chad F. Kenney_____**

                                **CHAD F. KENNEY, JUDGE**